IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KLAMATH SISKIYOU WILDLANDS
CENTER,                                    Civil No. 07-325-CL
            Plaintiff,                     REPORT AND RECOMMENDATION
        v.
UNITED STATES DEPARTMENT OF
THE INTERIOR; UNITED STATES
BUREAU OF LAND MANAGEMENT,
            Defendants.
_____

CLARKE, Magistrate Judge:

     Plaintiff, Klamath Siskiyou Wildlands Center (KSWC), brings

this action pursuant to the Freedom of Information Act (FOIA), 5

U.S.C. § 552 et. seq., and the Administrative Procedure Act (APA),

5 U.S.C. § 701 et. seq.. KSWC seeks a declaration that the

defendants U.S. Department of the Interior and the U.S. Bureau of

Land Management's (DI/BLM) refusal to disclose the records

requested by KSWC is unlawful, an order requiring DI/BLM to make

the requested records available to KSWC, and reasonable attorney

fees and costs.  KSWC moves for summary judgment (#10).  DI/BLM opposes this motion and filed the documents in dispute with the court for in camera review.

## I. **FACTS**

KSWC submits the following facts in support of its motion for summary judgment:

1. KSWC is a non-profit public interest organization dedicated to protecting and preserving the outstanding biological diversity of the Klamath Siskiyou Mountains.  (Declaration of Sexton ¶2).

2. KSWC submitted a request under FOIA and intends to use the requested information to further the public's understanding of the Medford BLM's activities and planning undertaken pursuant to the BLM's timber program.  (Id. at ¶3).

3. KSWC regularly disseminates such information via its newsletter, door canvass, website and media contacts.  (Id. at ¶4).

4. KSWC routinely seeks information from government agencies in order to further the organization's purposes.  (Id. at ¶5).

5. KSWC has invested considerable organizational resources in the National Environmental Policy Act (NEPA) planning process for the Kelsey Whisky project; including but not limited to providing timely comments to the BLM regarding the project, conducting extensive field work in the project area, leading public hikes in the project area, and escorting members of the media to the project area.  (Id. at ¶6).

6. KSWC contends that DI/BLM's failure to provide KSWC with records it requested under the FOIA substantially interferes with KSWC's ability to further its organizational purposes.  (Id. at ¶7).[1]

7. On October 25, 2006, KSWC Conservation Director George Sexton submitted, on behalf of KSWC, a request for information under the FOIA for records concerning the Kelsey Whisky Project.  (Id. at ¶8).

8. Mr. Sexton's letter requested "[a]l records, correspondence, notes or other written material regarding implementation, marking, auctioning, site preparation or any other activities or planning associated with the Kelsey Whisky project generated since March 20, 2006."  (Id.).

9. KSWC's FOIA request explicitly stated: We emphasize that this request applies to all described documents whose disclosure is not expressly prohibited by law.  If you should seek to prevent disclosure of any of the requested records, we request that you: (i) identify each such document with particularity (including title, subject, date, author, recipient, and parties copied), (ii) explain in full the basis on which non-disclosure is sought, and (iii) provide us with any segregable portions of the records for which you do not claim a specific exemption.  (Id. at ¶9).

---

[1] DI/BLM objected to this paragraph, the court modified the paragraph accordingly.

10. On November 29, 2006, Acting BLM State Director James G. Kenna responded to the FOIA request (FOIA No. OR-2006-087).   (Id. at ¶10).

11. KSWC received this letter December 6, 2006.  (Id.).

12. The letter stated: "Portions of the records that contain recommendations and deliberations between staff members are withheld under exemption 5 of FOIA (5 U.S.C. §552(b)(5)).  (Id.).

13. A total of 340 pages of responsive records were provided to KSCW.  (Declaration of Blackburn ¶7).  Of the 340 pages provided, 9 pages were withheld in full and 7 pages in part pursuant to the deliberative process privilege exemption of FOIA.  (Id.).[2]

15.  BLM communications entitled "EIS vs. Layout Changes" (Attachment 1) was redacted in a portion that clearly states "these changes are only recommendations" and the author asks the ID Team members to review the attached maps and recommendations.  The maps were withheld in full.  (Blackburn Decl. ¶10).  The "Protection measures for the historic West Fork trail" (Attachment 4) was not redacted in its entirety.  The email header information and the factual portion of the email mesage was released.  The agency considered the redacted portion deliberative.  (Id.).[3]

---

[2]Defendants object to this paragraph and the court change it accordingly.  Defendants also object to paragraph 14, the court excludes this paragraph based upon defendants' objection.

[3] Defendants object to this paragraph and the court changed it accordingly.

16. The BLM's letter, dated November 29, 2006, states that:

> Portions of the records that contain recommendations and
> deliberations between staff members are withheld under
> exemption 5 of the FOIA . . . .

(AR at 8).  The BLM reviewed the documents responsive to
plaintiff's FOIA request and conduct a thorough and careful
segregability analysis of each document.  (See Blackburn Decl. ¶6).
The maps (AR 13) were withheld in full since the deliberative and
factual material were so intertwined that it was not possible to
release any factual information.  (Id. at ¶17).  Factual
information on the email messages was released, including email
header information, as well as any factual information in the body
of the message and factual portions of the email attachments.
(Id.).[4]

17. The DI/BLM did not provide an index of withheld documents to
KSWC.  (Declaration of Sexton ¶13)[5].  The DI/BLM filed the
administrative record on June 4, 2007, which includes a privilege
log that describes the documents withheld and indicates the basis
for withholding the documents.  (Docket #14).[6]

---

[4]Defendants objected to this paragraph and the court modified
it accordingly.

[5]As defendants point out there is no statutory requirement to
produce an index.  Fiduccia v. U.S. Dept. of Justice, 185 F.3d
1035, 1042 (9th Cir. 1999).  An agency need only notify the person
making the request of the determination and the reasons for the
determination.  Id.

[6] Defendants objected to this paragraph.  The court added
defendants facts.

REPORT AND RECOMMENDATION - 5

18. On January 2, 2007, KSWC filed an administrative appeal challenging the agency's refusal to provide responsive records. (Declaration of Sexton ¶14).

19. KSWC's January 2, 2007, FOIA Appeal stated that the appeal was time sensitive:

> As activities such as road construction and timber harvest proposed in the Kelsey Whisky project are being actively and contentiously debated at this time, the disclosure of these documents stands to make a major contribution to the public's understanding of these divisive issues. Because irreversible ground-disturbing actions may shortly occur, a quick resolution of this appeal is of extreme importance.

(Id.).[7]

20. In its administrative appeal, KSWC contended that the agency's blanket assertion of the deliberative process exemption to withhold records responsive to KSWC's FOIA request violated the agency's duty to "segregate" and release raw factual material (such as information regarding trail protection measures or post-decisional changes to the project,) to which the deliberative process privileged is inapplicable under the FOIA.   (Id. at ¶15).[8]

21. By letter dated January 29, 2007, the Office of the Solicitor, U.S. Dept of the Interior, notified KSWC that the Department would be unable to process KSWC's administrative appeal within the twenty-day deadline mandated by the FOIA.  (Id. at ¶16).

_____

[7] Defendants object to the assertions made in plaintiff's FOIA appeal.

[8] Defendants object to the assertions made in plaintiff's FOIA appeal.

REPORT AND RECOMMENDATION - 6

22. The January 29, 2007 letter did not address any of the issues raised in KSWC's appeal letter. (Id. at ¶17).

23. The January 29 letter notified KSWC that, in light of the agency's failure to process its administrative appeal within the statutory deadline, KSWC was entitled to seek judicial review of the agency's constructive denial of KSWC's FOIA appeal. (Id. at ¶18).

The court finds the following additional facts:

In August 2006, defendants issued the Record of decision (ROD) for the Mari Kelsey Timber Sale in the Kelsey Whiskey Landscape Management Area. (Defendants' submission dated July 23, 2007). The West Wiskey Timber Sale ROD has not yet been issued. (Lew Decl. ¶5).

## II. **LEGAL STANDARDS**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir.), cert. denied, 502 U.S. 994 (1991). In deciding a motion for summary judgment, the court must determine, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American

REPORT AND RECOMMENDATION - 7

Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994)(citations omitted). The parties bear the burden of identifying the evidence that will facilitate the court's assessment.  Id.

The moving party bears the initial burden of proof.  See Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir.), cert. denied, 516 U.S. 987 (1995).  The moving party meets this burden by identifying portions of the record on file which demonstrates the absence of any genuine issue of material fact. Id.  "[T]he moving party . . . need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case."  Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994), cert. denied, 513 U.S. 1191 (1995)(citation omitted); Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); See City of Mt. Pleasant, Iowa v. Associated Electric Co-op, Inc., 838 F.2d 268, 273-274 (8th Cir. 1988)(it is sufficient for the movant to argue that the record does not contain an issue of fact and to identify that part of the record that supports that assertion).

In assessing whether a party has met their burden, the court must view the evidence in the light most favorable to the nonmoving party.  Allen v. City of Los Angeles, 66 F.3d 1052 (9th Cir. 1995). All reasonable inferences are drawn in favor of the nonmovant.  Id.

If the moving party meets their burden, the burden shifts to the opposing party to present specific facts which show there is a genuine issue for trial.    Fed.R.Civ.P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816 (9th Cir. 1995), cert. denied, 517 U.S. 1167 (1996); Cline v. Industrial Maintenance Eng'g & Contracting Co., 200 F.3d 1223, 1229 (9th Cir. 2000).   The nonmoving party cannot carry their burden by relying solely on the facts alleged in their pleadings. Leonard v. Clark, 12 F.3d 885, 888 (9th Cir. 1994). Instead, their response, by affidavits or as otherwise provided in Rule 56, must designate specific facts showing there is a genuine issue for trial. Id.; Southern California Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003).

The court reviews the agency's decision under the arbitrary and capricious standard.   5 U.S.C. § 706.   The arbitrary and capricious standard requires the court to carefully review the record to ascertain whether the agency decision is "founded on a reasoned evaluation 'of the relevant factors'" and whether there has been clear error in judgment.   Marsh v. Oregon Natural Resources Council, 490 U.S. 360 (1989)(quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)).   The inquiry must be searching and careful, but the standard of review is a narrow one.   Id.  An agency's decision may only be called arbitrary and capricious if the agency: relied on factors which Congress did not intend it to consider; entirely failed to consider

REPORT AND RECOMMENDATION - 9

an important aspect of the problem; offered an explanation for its decision that runs counter to the evidence before the agency; or offered an explanation that is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. <u>Southwest Center for Biological Diversity v. U.S. Forest Service</u>, 100 F.3d 1443, 1448 (9th Cir. 1996)(citation omitted).

### III.  <u>DISCUSSION</u>

Plaintiff moves for summary judgment arguing that:

1) Exemption Five does not apply to the requested documents as there is no indication that the documents were truly an integral part of the deliberative process; and

2) defendants did not segregate non-exempt material or provide an index of withheld documents.

In response, defendants argue that:

1) they properly invoked Exemption 5 as demonstrated by the unredacted administrative record submitted for in camera review and the agency declaration - the withheld and redacted documents show the agency's pre-decisional deliberations which include opinions, discussions, suggestions, and recommendations regarding the Kelsey Whisky project planning process and represent approaches the agency may or may not take - the release of these documents could be misleading to the public by causing confusion regarding the agency's final decision - the withheld materials also contain

REPORT AND RECOMMENDATION - 10

deliberative drafts and the release of the drafts would have a chilling effect on the free flow of discussions within the agency; 2) the defendants properly segregated non-exempt material as established by the Blackburn declaration and the in camera administrative record - the agency reviewed each document and conducted a thorough and careful segregability analysis - the agency investigated the claims made in plaintiff's complaint to determine if there were inconsistent redactions and found none; 3) the claims of exemptions are clearly established in the record and a Vaugh Index is not required - the agency declaration and the submission of the administrative record for in camera review have satisfied the agency's obligations under FOIA; and 4) the court lacks jurisdiction over plaintiff's claims as th agency has released all non-exempt documents.

In reply, plaintiff argues that: 1) the explanations in the Blackburn declaration are conclusory and insufficient to support that the documents fall under Exemption 5; 2) the defendants have not proven the documents are predecisional and deliberative; 3) the withheld documents are not predecisional and deliberative; 4) defendants have not demonstrated that the agency cannot redact exempt material from the withheld documents; and 5) even if the exemption applies, plaintiff is entitled to the documents for NEPA purposes - one of the withheld documents

describes changes made to the project after the Environmental Impact Statement (EIS) was issued and may show the need for a supplemental EIS.

The APA gives the District Court "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld . . .". 5 U.S.C. §552(a)(4)(B). The court's "jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records'." <u>Kissinger v. Reporters Committee for Freedom of the Press</u>, 445 U.S. 136, 150 (1980). If these three conditions are not met the court does not have jurisdiction "to devise remedies and enjoin agencies . . .". <u>Id</u>.

The Freedom of Information Act, 5 U.S.C. §552 requires government agencies to disclose to the public any requested documents. 5 U.S.C. §552(a); <u>Lion Raisins Inc. v. U.S. Dept. of Agriculture</u>, 354 F.3d 1072, 1079 (9th Cir. 2004); <u>Carter v. U.S. Dept. of Commerce</u>, 307 F.3d 1084, 1088 (9th Cir. 2002); <u>Maricopa Audubon Society v. U.S. Forest Service</u>, 108 F.3d 1082, 1085 (9th Cir. 1997). The government agency must disclose the document unless it falls within one of the nine enumerated exemptions found in 5 U.S.C. §552(b). <u>Department of Interior v. Klamath Water Users Protective Ass'n</u>, 532 U.S. 1, 7 (2001); <u>Lion Raisins Inc.</u>, 354 F.3d at 1079; <u>Crater</u>, 307 F.3d at 1088; <u>Maricopa Audubon Society</u>, 108 F.3d at 1085. These nine exemptions are "explicitly

exclusive" and "narrowly construed." <u>Maricopa Audubon Society</u>, 108
F.3d at 1085 (citations omitted).  "FOIA 'does not authorize
withholding of information or limit the availability of records to
the public, except as specifically stated'." <u>Id.</u> at 1087 (citing
5 U.S.C. §552(d)).

     FOIA creates a presumption in favor of disclosure.  <u>Bay Area</u>
<u>Lawyers Alliance for Nuclear Arms Control v. Department of State</u>,
818 F.Supp. 1291, 1295 (N.D.Cal. 1992).  The government agency has
the burden of proving that the requested document falls within one
of FOIA's exemptions.  <u>Lion Raisins Inc.</u>, 354 F.3d at 1079 (citing
5 U.S.C. §552(a)(4)(B)); <u>Carter</u>, 307 F.3d at 1088 (citing 5 U.S.C.
§552(a)(4)(B); <u>Maricopa Audubon Society</u>, 108 F.3d at 1085 (citing
5 U.S.C. §552(a)(4)(B)).

     To meet that burden, the agency must present oral testimony or
affidavits that are detailed enough for the court to assess the
government's claim of exemption.  <u>Maricopa Audubon Society v. U.S.</u>
<u>Forest Service</u>, 108 F.3d 1089, 1092 (9th Cir. 1997).  The agency
may also compile a "Vaughn Index".  <u>Id.</u> at fn. 1.  "Whether this
burden has been met is a question of law . . .".  <u>Id.</u> at 1092.

     If the agency relies on affidavits, the affidavits must
contain a reasonably detailed description of the documents and
allege facts sufficient to establish the exemption.    <u>Id</u>.    If
affidavits and oral testimony cannot provide a sufficient basis for
a decision the court may rely on in camera review of the materials

in question.  Id. (citations omitted).  In camera review is also justified where the government's public description of a document and the reasons for the exemption may reveal the very information that the government claims is exempt from disclosure.  Lion Raisins Inc., 354 F.3d at 1083 (citation omitted).

In the affidavits or the Vaughn Index, the agency must describe each document, or portions withheld, discuss the consequences of disclosing the sought after information, discuss segregability, and discuss whether the material was relied upon in making a decision.  See Bay Area Lawyers Alliance for Nuclear Arms Control v. Department of State, 818 F.Supp. 1291, 1296-1297 (N.D.Cal. 1992).  "The agency bears the burden of establishing the character of the decision, the deliberative process involved, and the role played by the documents in the course of that process." Id.  (citation omitted).

If the agency fails to meet its burden, judgment in favor of the plaintiff is appropriate.  Kamman v. U.S. Internal Revenue Service, 56 F.3d 46, 49 (9th Cir. 1995).  If the agency establishes that the information sought falls within the claimed exemption, judgment in favor of the agency is appropriate.  Citizens Commission on Human Rights v. Food and Drug Administration, 45 F.3d 1325, 1329 (9th Cir. 1995).

Exemption 5 exempts from disclosure any "inter-agency or intra-agency memorandums or letters which would not be available by

REPORT AND RECOMMENDATION - 14

law to a party other than an agency in litigation with the agency."
5 U.S.C. §552(b)(5); <u>Klamath Water Users</u>, 532 U.S. at 9; <u>Carter</u>,
307 F.3d at 1088-1089.  Exemption 5 "shields documents 'normally
privileged in the civil discovery context'" which "incorporates the
attorney-client privilege, the attorney work-product privilege, and
the executive 'deliberative process' privilege that protects candid
internal discussion of legal or policy matters."  <u>Carter</u>, 307 F.3d
at 1088-1089; <u>Maricopa Audubon Society</u>, 108 F.3d at 1084 fn.5
(citations omitted).  It "does not apply to factual information,
unless the release of the factual information would reflect or
reveal the deliberative process, or to recommendations or opinions
ultimately relied upon in subsequent agency action."  <u>Bay Area
Lawyers</u>, 818 F.Supp. at 1297 (citation omitted).

     The deliberative process privilege allows agencies to "freely
explore possibilities, engage in internal debates, or play devil's
advocate without fear of public scrutiny."  <u>Carter</u>, 307 F.3d at
1089 (citing <u>Assembly of the State of California v. United States
Department of Commerce</u>, 968 F.2d 916, 920 (9th Cir. 1992)).  The
deliberative process privilege was created "to protect the
deliberative process of government, by ensuring that persons in an
advisory role would be able to express their opinions freely to
agency decision-makers without fear of publicity."  <u>Formaldehyde
Institute v. Department of Health and Human Services</u>, 889 F.2d
1118, 1122(D.C.Cir.1989)(citation and quotations omitted).  The

REPORT AND RECOMMENDATION - 15

privilege encompasses the opinions and recommendations of agency employees. Id.

"In order to be protected by the deliberative process privilege, such a document must be both 'predecisional' and 'deliberative'." Assembly, 968 F.2d at 920 (citation omitted); U.S. v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000). In Assembly, the court stated that:

> A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.

Assembly, 968 F.2d at 920. Material which predates a decision chronologically, but did not contribute to that decision, is not predecisional. Id. at 921. The agency must identify a specific decision to which the document is predecisional. Mariposa Audubon Society, 108 F.3d at 1094.

In this case, all the documents at issue are pre-decisional to either the Mari Kelsey Timber Sale ROD (AR 11-13, 14, 15, 16, 17) or the West Whiskey Timber Sale ROD (AR 17, 18-19). Therefore, the first requirement is satisfied.

A document is deliberative "if the disclosure of the materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id. at 1093. (citation and quotations omitted). This test focuses on the

REPORT AND RECOMMENDATION - 16

effect of releasing the documents. Id. at 1094. The court must examine what harm, if any, the release of the document would do to the agency's deliberative process. Formaldehyde Institute, 889 F.2d at 1122. The court determines whether disclosure would be "likely in the future to stifle honest and frank communication within the agency." Maricopa Audubon Society, 108 F.3d at 1094 (citation and quotations omitted). The court also looks at the context in which the materials were used or what role they played in the deliberative process. Formaldehyde Institute, 889 F.2d at 1124.

The documents at issue contain recommendations, discussions, suggestions, and inquiries regarding alterations to both the timber sales that are the subject of the RODs. AR 14 discusses whether red tree vole buffers can be modified and suggests certain modifications. AR 18 and 19 discuss proposals for treatments in the West Whiskey sale. AR 15 discusses suggestions for protection measures for the historic West Fork trail within the Mari Kelsey area. AR 8-9 was not redacted by the defendants. AR 11-13 discusses recommendations for layout changes to the Mari Kelsy Timber sale. AR 17 discusses suggestions regarding changes to the West Whiskey Timber sale. AR 16 contains suggestions or recommendations for implementing the Mari Kelsey Timber Sale.

The disclosure of these materials would stifle honest and frank communication among agency personnel and discourage candid

discussions within the agency if disclosed.  The documents clearly played a role in modifications made to the Mari Kelsey Timber Sale ROD.  The documents regarding the West Whiskey Timber Sale are also likely to play a role in possible modifications of that ROD.  Based upon the Blackburn declaration and the court's in camera review of the documents at issue, the court finds that all the withheld material does qualify as deliberative.

Even if part of a document is exempt, the agency must disclose any segregable portions, and it must address, in the Vaughn Index or affidavits, why the remaining information is not segregable. Bay Area Lawyers, 818 F.Supp. at 1296. The court must make a specific finding on the issue of segregability, and the court cannot approve the withholding of the entire document without making a finding on segregability.  Id. (citation omitted).  In cases where nonexempt material is inextricably intertwined with exempt material and the deletion of the exempt material would leave only meaningless words and phrases, the entire document is exempt. National Security Archive Fund v. Central Intelligence Agency, 402 F.Supp.2d 211, 220-221 (D.D.C. 2005).

Based upon the Blackburn declaration and the court's in camera review of the documents, the court is satisfied that the defendants did a careful segrebility analysis and disclosed all segregable portions of the documents.  The court also finds that any nonexempt material is inextricably intertwined with exempt material and the

REPORT AND RECOMMENDATION - 18

deletion of the exempt material would leave only meaningless words and phrases.

In <u>Federal Trade Commission v. Warner</u>, 742 F.2d 1156, 1161 (9th Cir. 1984)(citations omitted), the court stated that:

> The deliberative process privilege is a qualified one. A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. . . . Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. . . .

In considering the above factors, the court finds that plaintiffs need for the documents at issue does not outweigh the government's interest in non-disclosure.

## IV.  <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that plaintiff's motion for summary judgment (#10) be denied and this case be dismissed.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  *Objections to this Report and Recommendation, if any, are due by August 16, 2007.  If objections are filed, any responses to the objections are due 14 days after*

REPORT AND RECOMMENDATION - 19

*the objections are filed*.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____2_____ day of August, 2007.


_____/s/_____

UNITED STATES MAGISTRATE JUDGE